IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDUARDO LOPEZ-MENDOZA                                                                                    PLAINTIFF

v.                                              Civil No. 6:24-cv-06153-SOH-MEF

DR. GUY HENRY and WELLPATH LLC                                                               DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Also before the Court is Plaintiff's Motion to Appoint Counsel. (ECF No. 15).

### I.      BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on November 22, 2024. (ECF No. 2). It was transferred to this District that same day. (ECF No. 4). Plaintiff indicates that he was convicted in 2018 and is currently incarcerated in the Arkansas Division of Correction (ADC) Wrightsville Unit, but his claims center on his time in the ADC Ouachita River Unit. (*Id*. at 2-3). Plaintiff alleges that on August 27, 2024, he was denied medical care by Dr. Henry because he could not speak English. (*Id*. at 4-5). Plaintiff does not identify his native language in the Complaint. In later motions in this case, however, Plaintiff identifies himself as "Mexicano," and indicates that his

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

ability to speak and read English is limited. (ECF Nos. 15, 16). The Court will, therefore, infer that Plaintiff's preferred language is Spanish.

Plaintiff alleges that when he arrived in the infirmary on August 27, 2024, Dr. Henry asked him how long he had been in the United States, and the doctor then stated, "Mr. Lopez does not speak English, I don't need to see him." (*Id*. at 5). Plaintiff alleges he then immediately filed an ADC grievance about the denial. (*Id*. at 5). Plaintiff alleges that the next day, August 28, 2024, Dr. Henry called Plaintiff back to the infirmary and asked another inmate to interpret for Plaintiff. Plaintiff alleges he told Dr. Henry: "I didn't want another inmate to know my medical information but Dr. Henry denied my objection violating the HIPPA." (*Id*. at 5). Plaintiff proceeds against Defendants in their official and individual capacity. (*Id*. at 5). As his official capacity claim, Plaintiff asserts that "whether written or daily routine, Wellpath LLC allows non-medical personnel to attend medical visits. This is a HIPPA violation and I asked for it to stop yet Dr. Henry refused. Also, I was denied medical attention due to the language I speak." (*Id*.).

Plaintiff seeks compensatory and punitive damages. He asks that the compensatory damages be a "fair and just amount." (*Id*. at 9). He asks that the punitive damages be sufficient to deter further HIPPA violations. (*Id*.).

Before Plaintiff's Complaint could undergo the mandatory preservice screening required by the PLRA, Defendants filed a notice advising that Wellpath, LLC, had filed for relief under Chapter 11 of the United States Bankruptcy Code in the Southern District of Texas (Houston Division) and that the Bankruptcy Court had entered an order staying all lawsuits against Wellpath, LLC, including "the Plaintiff's claims against the non-Debtor defendants." (ECF No. 9). Pursuant to the Bankruptcy Court's Order, on December 13, 2024, this Court entered an Order staying and administratively terminating the case. (ECF No. 8). The stay was subsequently lifted on June 6, 2025. (ECF No. 11).

Plaintiff was instructed to complete and submit a form to the Court by July 30, 2025,

concerning any actions taken by him in connection with the bankruptcy proceeding, i.e., had he filed a timely Proof of Claim, objected to the Automatic Stay, objected to confirmation of the Chapter 11 Plan, or affirmatively expressed an intent to opt-out of the Third Party Release. (ECF No. 11). Plaintiff submitted a Response on June 24, 2025, indicating that he had not submitted a Proof of Claim to the Bankruptcy Court, nor had he objected to the Automatic Stay, objected to confirmation of the Chapter 11 Plan, or affirmatively expressed an intent to opt-out of the Third Party Release. (ECF No. 12). Another Order was entered on July 3, 2025, directing a Response with additional information, and providing further information concerning deadlines in the Bankruptcy case. Plaintiff was directed to submit a Response to this Court by July 30, 2025. (ECF No. 13). When Plaintiff failed to do so, the Court entered a Show Cause Order. (ECF No. 14). Plaintiff then submitted a Motion to Appoint Counsel and a Show Cause Response. (ECF Nos. 15, 16). Based on Plaintiff's Responses concerning the Bankruptcy, it is not clear he can proceed with all or most of his claims in this case; however, it is unnecessary to address the bankruptcy-related issues at this time, because Plaintiff has failed to state any plausible claim in his Complaint.

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). A complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Plaintiff's primary concern in his Complaint appears to be that Dr. Henry violated his rights under HIPAA[2] when he provided an inmate interpreter for Plaintiff's medical appointment on August 28, 2024. But HIPAA does not expressly or impliedly create a private cause of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (HIPAA does not create a private right of action). Thus, to the extent Plaintiff is asserting a violation of HIPAA as a cause of action, the claim cannot proceed as a matter of law.

Plaintiff's secondary issue is that he was denied medical care because Defendant Dr. Henry does not speak Spanish. This allegation is frivolous. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

---

[2] Health Insurance Portability and Accountability Act.

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need, the Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

Here, Plaintiff has not identified the reason he was scheduled to see Dr. Henry. He does not identify any medical need whatsoever, let alone an objectively serious medical need. Thus, Plaintiff has failed to state facts sufficient to support a denial of medical care claim.

Further, there is no constitutional right to be seen by a Spanish-speaking medical provider. *See, e.g. Franklin v. D.C.*, 163 F.3d 625, 638–39 (D.C. Cir. 1998) ("Spanish-speaking prisoners with limited proficiency in English do not have a privacy right, derived from the Constitution, to force the District to hire bilingual medical personnel so that the prisoners may communicate their medical information only to such employees."). Nor is there any general constitutional right to an interpreter. "Even during a criminal trial, failure to provide an interpreter amounts to a violation of due process only if such failure rendered the trial fundamentally unfair." *U.S. v. Espinoza-Arevalo*, No. 14-00332-02-CR-W-BP, 2015 WL 9598299, at *2 (W.D. Mo. Dec. 30, 2015) (citing *United States v. Gallegos–Torres*, 841 F.2d 240, 242 (8th Cir. 1988)).

Plaintiff was provided the opportunity to see Dr. Henry with the aid of an inmate interpreter, and he refused to do so because he believed it violated his medical privacy. "[F]or inmates lacking proficiency in English, having other inmates or correctional employees translate for them when they

5

seek medical care is 'one of the ordinary incidents of prison life[.]'" *Franklin*, 163 F 3d. at 638. Further, the Court notes that the allegations in Plaintiff's Complaint indicate he is familiar with and capable of communicating sufficiently in English to use the written ADC grievance process to complain about Dr. Henry. The Court also takes judicial notice that Plaintiff's ADC record indicates that he entered the ADC on July 17, 2019, and has taken part in various ADC educational programs, including "Communication Skills" in 2024. Thus, to the extent Plaintiff's English abilities are indeed limited, he was provided an opportunity to use an interpreter to consult with Dr. Henry and refused to do so. As such, Plaintiff's claim that he was denied medical care is frivolous.

### IV.     CONCLUSION

For the reasons and upon the authorities discussed above, it is RECOMMENDED that:

(1) The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for being frivolous and for failure to state a claim upon which relief may be granted.

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

Plaintiff's Motion to Appoint Counsel (ECF No. 15) should be DENIED as MOOT.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of September 2025.

                                                       /s/ *Mark E. Ford*
                                                      HON. MARK E. FORD
                                                      UNITED STATES MAGISTRATE JUDGE